UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 NOV 12 P 3: 43
DISTRICT COURT
OF MASS.

JULIE D. SCHNELKER,

Plaintiff,

v.

GATEWAY COMPANIES, INC., d/b/a/
GATEWAY COMPUTERS and/or
GATEWAY COUNTRY and/or GATEWAY
STORES,

Defendant.

CIVIL ACTION NO. 04-11433 NG

## ANSWER OF DEFENDANT GATEWAY COMPANIES, INC.

Defendants Gateway Companies, Inc. d/b/a Gateway Computers and/or Gateway Country and/or Gateway Stores (collectively "Defendant" or "Gateway") answers Plaintiff's Complaint as follows:

1.  Defendant admits that Plaintiff worked for Gateway from on or about January 28, 2002 to on or about June 17, 2002 as an instructor and Retail Sales Leader; that Plaintiff received an opportunity to transfer within Gateway; and that Plaintiff separated from employment with Gateway on or about June 17, 2002. Defendant denies the remaining allegations in paragraph 1.

2.  Defendant admits that Plaintiff was employed by a Gateway store in Framingham, Massachusetts. Defendant denies the remaining allegations in paragraph 2.

3.  Defendant admits the allegations in paragraph 3.

4.  Defendant denies that Plaintiff was fired in the midst of securing medical aid and utilizing Plan benefits to which she was entitled. Defendant is without sufficient knowledge or

information to form a belief as to the remaining allegations in paragraph 4, and therefore denies them.

5. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 5, and therefore denies them.

6. Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because Gateway's employment decisions challenged in the Plaintiff's Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived or should be estopped from asserting some or all of her claims.

## FOURTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Gateway, if Plaintiff has suffered damages, such damages were caused by a person or persons for whose conduct Gateway was not and is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Gateway, Plaintiff has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare herself to a similarly situated employee.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for retaliation because Gateway had no knowledge of Plaintiff's alleged protected activity.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is frivolous, unreasonable, and/or without foundation, and Gateway is entitled to its costs and attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to exhaust administrative claims procedures and/or satisfy jurisdictional prerequisites.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks jurisdiction over the person of the Defendant.

## RESERVATION OF RIGHTS CLAUSE

Defendant reserves its rights to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury on all issues allowed to be tried before a jury.

WHEREFORE, Gateway respectfully asks this Court to deny Plaintiff's claim for relief and to enter judgment in its favor in this matter. FURTHERMORE, Gateway requests that the Court award it its costs and attorneys' fees.

Respectfully submitted,

**GATEWAY COMPANIES, INC.**

By its Attorneys,

_____
Katherine Perrelli (BBO # 549820)
Kristin Glennan McGurn (BBO # 559687)
**SEYFARTH SHAW**
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

DATED: November 12, 2004

## CERTIFICATE OF SERVICE

I, Kristin G. McGurn, hereby certify that on this 12th day of November, 2004, I served a true copy of the foregoing document by regular mail, postage prepaid, to Christopher C. Myers, Christopher C. Myers & Associates, 809 South Calhoun Street, Suite 400, Fort Wayne, IN 46802 and Jonathan Roth 171 Locke Drive, Suite 101 Marlborough, MA 01752.

_____
Kristin G. McGurn

BO1 15673160.1 / 31182-000013